THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
PETER J. CALTAGIRONE [SBN 297559]
pcaltagirone@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant MIDLAND CREDIT MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY MACHADO,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**<br><br>State Court Complaint filed 08/18/14 |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and 1331, Defendant Midland Credit Management, Inc. ("Midland") hereby removes this action from the Superior Court of the State of California for the County of El Dorado, Case No. PCL20140475 (the "State Case") to the United States District Court for the Eastern District of California.  The grounds for this removal are:

**FACTUAL SUMMARY**

1.   On August 18, 2014, plaintiff Kimberly Machado commenced the State Case alleging violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) and the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*).

2.   Midland did not receive the summons and complaint until January 22, 2015. When Plaintiff's counsel emailed Defendant's counsel a copy of the complaint, Plaintiff's counsel thereafter served the summons and complaint via California's Notice and Acknowledgment of Receipt form on January 26, 2015.

3.   Midland's registered agent for service of process is Corporation Service Company ("CSC"). CSC confirmed that it had no record of ever receiving a copy of the summons and complaint. CSC Customer Service Specialist Steve Kirvan prepared a declaration under penalty of perjury, which is attached as Exhibit 1 to this notice of removal. In his declaration, Mr. Kirvan explains that CSC never received service of the summons and complaint.  (*See* Kirvan Declaration ¶ 8.)

4.   This notice is therefore timely pursuant to 28 U.S.C. section 1446(b) because it is being filed within thirty days after service of the complaint, and indeed, within the thirty days of Plaintiff's counsel emailing a copy of the complaint.

**JURISDICTION**

5.   Removal is proper pursuant to 28 U.S.C. section 1441(a), which entitles a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and 28 U.S.C. section 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The district court has supplemental jurisdiction over the alleged state law claim because it is so related to the claim over which the district court has original jurisdiction that it "form[s] part of the same case or controversy."  28 U.S.C. § 1367(a).

6.   Pursuant to 28 U.S.C. section 1446(a), Midland attaches as Exhibit 2 copies of all documents filed in the State Court action.

| | | |
|---|---|---|
| 1 | DATED:  February 20, 2015 | SOLOMON WARD SEIDENWURM & SMITH, LLP |
| 2 | | |
| 3 | | |
| 4 | | By:  *s/Peter J. Caltagirone* |
| 5 | | THOMAS F. LANDER |
| 6 | | PETER J. CALTAGIRONE |
| 7 | | Attorneys for Defendant MIDLAND CREDIT MANAGEMENT, INC. |

**INDEX TO EXHIBITS**

Exhibit 1:   Declaration of Steve Kirvan of CSC

Exhibit 2:   State Court Complaint and Answer