# DECLARATION OF STEVE KIRVAN

I, Steve Kirvan, hereby declare as follows:

1.   I am over the age of eighteen years, am suffering from no mental disability, and am legally competent to make this Declaration. Said Declaration is based on my personal knowledge and based upon a review of business records of Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service (hereafter referred to as "CSC").

2.   I am a Customer Service Specialist in the Litigation Management Department of CSC. It is my job to access and review business records of CSC relating to receipt of service of process and to communicate with customers and agents of CSC in order to determine when and whether legal process has been served on a customer of CSC.

3.   CSC is a Delaware corporation which has been providing services to the legal community for more than 100 years. CSC is a national provider of registered agent services. As such, CSC provides business entities with a registered agent and/or registered office in the state where the entity is domiciled, and/or the states where it is qualified or registered to conduct business as a foreign entity. CSC receives service of process on behalf of companies that appoint it as their registered agent. Upon receipt of service, CSC then forwards the served legal documents to the identified recipient company at its physical and/or electronic address as listed in CSC's record database.

4.   CSC documents and maintains records of all documents served upon it on behalf of the companies for which it is registered agent. CSC's customary business practice relating to the receipt of service of process is as follows: On the same day the service of process is received by CSC, the documents are logged and scanned into CSC's Litigation Management System (hereafter referred to as "LMS"), which is a centralized database developed and used by CSC to capture essential information about each service of process it receives. Specifically, CSC uses LMS to ensure that: (i) the service of all legal documents is properly recorded and preserved in CSC's database system, and (ii) the customer is timely advised of such service. The scanned documents are then stored electronically indefinitely. These records are prepared and kept by CSC in the regular and ordinary course of its business.

5.   CSC is a registered agent service provider in the State of California. CSC maintains an office location at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833 for the receipt and intake of service of process on behalf of entities that have named it as their registered agent.

6.   CSC is the registered agent provider for Midland Credit Management, Inc. in the State of California.

7.   Upon information and belief, CSC has been made aware of a Proof of Service alleging service of a Summons, Complaint, Civil Case Cover Sheet, Notice to Litigants, Notice of Case Assignment, and Blank Case Management Statement in the matter of *Kimberly Machado vs. Midland Credit Management, Inc.*, Case No. PL20140475 in the El Dorado County Superior Court, CA. The Proof of Service alleges that service was made on Midland Credit

1    Management, Inc. by personally serving CSC's California office location on September 5,
     2014.

2

3    8.    CSC has no record of receiving, on September 5, 2014 or otherwise, the above-referenced
           Summons, Complaint, Civil Case Cover Sheet, Notice to Litigants, Notice of Case

4          Assignment, and Blank Case Management Statement in the matter of *Kimberly Machado vs.
           Midland Credit Management, Inc.*, Case No. PL20140475 in the El Dorado County Superior

5          Court, CA, according to a review of CSC's records kept in the normal course of business.

6    9.    On January 16, 2015, CSC's California office received via regular mail a Case Management
           Statement directed to Midland Credit Management, Inc., in the matter of *Kimberly Machado*

7          *vs. Midland Credit Management, Inc.*, Case No. PL20140475 in the El Dorado County
           Superior Court, CA, according to a review of CSC's records kept in the normal course of

8          business.

9

10   10.   On January 16, 2015, CSC forwarded the above-referenced Case Management Statement
           directed to Midland Credit Management, Inc. in the matter of *Kimberly Machado vs. Midland*

11         *Credit Management, Inc.*, Case No. PL20140475 in the El Dorado County Superior Court, CA,
           to Midland Credit Management, Inc., according to a review of CSC's records kept in the

12         normal course of business.

13   11.   Prior to January 16, 2015, CSC did not receive any documents in the above-referenced matter
           and therefore did not communicate or notify Midland Credit Management, Inc. of this matter in

14         any way according to a review of CSC's records kept in the normal course of business.

15         I declare under penalty of perjury under the laws of the State of California and under the laws
           of the United States of America, that the foregoing is true and correct.

16         Executed on February 5, 2015, at Wilmington, Delaware.

17

18                                                        *Steve Kirvan*

19                                                        STEVE KIRVAN, DECLARANT

20

21

22

23

24

25

26

27

28
                                              2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

EL DORADO CO. SUPERIOR CT

FILED   AUG 1 8 2014

BY   **S. Howe**

Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MIDLAND CREDIT MANAGEMENT, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KIMBERLY MACHADO

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of El Dorado County<br>3321 Cameron Park Dr.<br>Cameron Park, Ca 95682 | CASE NUMBER:<br>*(Número del Caso):* **PCL20140475** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* AUG 1 8 2014 | Clerk, by<br>*(Secretario)* **S. Howe** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

**Assigned to**
**Judge Warren C. Stracener**
**For all purposes**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  Todd M. Friedman (216752)
2  Suren N. Weerasuriya (278512)
   Law Offices of Todd M. Friedman, P.C.
3  324 S. Beverly Dr. #725
   Beverly Hills, CA 90212
4  Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@attorneysforconsumers.com
6  sweerasuriya@attorneysforconsumers.com
   Attorneys for Plaintiff
7

EL DORADO CO. SUPERIOR CT.

FILED   AUG 18 2014

BY   S. Howe
           Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   FOR THE COUNTY OF EL DORADO
                        LIMITED JURISDICTION
10

| | |
|---|---|
| | Case No.   PCL20140475 |
| 11 | ) |
| 12 | ) COMPLAINT FOR VIOLATION |
| KIMBERLY MACHADO, | )  OF ROSENTHAL FAIR DEBT |
| 13 | ) COLLECTION PRACTICES ACT, AND |
| Plaintiff, | ) THE FEDERAL FAIR DEBT |
| 14 | ) COLLECTION PRACTICES ACT. |
| 15        vs. | ) |
| 16 MIDLAND CREDIT MANAGEMENT, | ) (Amount not to exceed $10,000) |
| INC., | ) |
| 17 | )   1.  Violation of Rosenthal Fair Debt |
| | )        Collection Practices Act |
| 18 Defendant. | )   2.  Violation of Fair Debt Collection |
| 19 | )        Practices Act |
| 20 | ) |
| 21 | Assigned to<br>Judge Warren C. Stracener<br>For all purposes |

22                              I. INTRODUCTION

23       1.  This is an action for damages brought by an individual consumer for Defendant's

24  violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*

25  (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

26  (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,

27  deceptive, and unfair practices.

28

Complaint - 1

## II. PARTIES

2.      Plaintiff, Kimberly Machado ("Plaintiff"), is a natural person residing in El Dorado County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.      At all relevant times herein, Defendant, Midland Credit Management, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.      On or around May of 2014, DEFENDANT began contacting PLAINTIFF with such frequency that it constitutes harassment under the circumstances.

6.      As an illustrative example, PLAINTIFF received six (6) telephone calls from DEFENDANT in the span of one day.

7.      On or around May 13, 2014, PLAINTIFF sent a letter to DEFENDANT requesting that it stop calling PLAINTIFF.   Defendant continued to call Plaintiff after her cease and desist letter.

8.      Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

b) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

c) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

d) Causing Plaintiff telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5)); and

e) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)).

9.      As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

10.     Plaintiff reincorporates by reference all of the preceding paragraphs.

11.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.      Actual damages;

B.      Statutory damages for willful and negligent violations;

C.      Costs and reasonable attorney's fees,

D.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12.     Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Actual damages;

B.     Statutory damages;

C.     Costs and reasonable attorney's fees; and,

D.     For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 14th day of August, 2014.

By:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Kimberly Machado | EL DORADO CO. SUPERIOR CT.<br><br>FILED   AUG 18 2014<br><br>BY ___ S. How___<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  El Dorado
STREET ADDRESS: 3321 Cameron Park Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Cameron Park 95682
BRANCH NAME:

| CASE NAME:<br>Kimberly Machado v. Midland Credit Management, Inc. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>PCL20140475 |
|---|---|---|
| ☐ Unlimited   ☑ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:   Assigned to<br>DEPT.:   Judge Warren C. Stracener<br>For all purposes |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☑ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Other petition *(not specified above)* (43) |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 14, 2014

Todd M. Friedman
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)--Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice--
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach--Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case--Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ--Administrative Mandamus
   Writ--Mandamus on Limited Court
      Case Matter
   Writ--Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal--Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400--3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF EL DORADO

### NOTICE TO LITIGANTS

### CIVIL TRIAL DELAY REDUCTION AND ALTERNATIVE DISPUTE RESOLUTION
### REQUIRED PROCEDURES AND TIME LINES

All general civil cases are included in the El Dorado Court's Civil Trial Delay Reduction Program. Local Rules for the El Dorado Superior Court require that you comply with certain procedures and meet certain time lines for these cases. Please see Local Rule 7.12.00 et seq.

Plaintiffs and Cross-Complainant must serve the following documents with the Complaint or Cross-Complaint on all other parties: 1) A copy of this Notice to Litigants; 2) A copy of the Notice of Case Management Conference; and 3) A blank Case Management Statement. This service must be accomplished and proof of service must be filed within 60 days of the filing of the Complaint or Cross-complaint.

A Case Management Conference (CMC) will be held within 120 days of filing of the Complaint. The date and time are indicated on the Notice of Case Management Conference. You must file a completed Case Management Statement at least 15 days prior to the Conference.

At the CMC, the court will assign a Dispute Resolution Conference date, a Mandatory Settlement and Readiness Conference date and a trial date. The court may also assign an Issues Conference date. In lieu of a Dispute Resolution Conference, all parties may elect mediation, private arbitration or judicial arbitration. You may obtain a stipulation and order to participate in alternative dispute resolution and a list of the attorneys on the Dispute Resolution Conference, arbitration or mediation panels from the court's website or the clerk's office.

Dispute Resolution Conferences for personal injury cases will be conducted by two volunteer attorney temporary judges representing the plaintiff and defense bars. For other civil cases, Dispute Resolution Conferences will be conducted by one attorney temporary judge. You may obtain a list of the attorneys on each panel from the Court Administration.

Dispute Resolution Conferences are conducted as early Mandatory Settlement Conferences pursuant to CRC Rule 3.1380 which requires that trial counsel, parties and persons with full authority to settle personally attend, unless excused by the court, and that no later than 5 court days before the conference, each party file and serve on each other party a Settlement Conference Statement with a good faith settlement proposal. The Dispute Resolution conference is conducted by a volunteer settlement attorney.

It is important to review Local Rule 7.12.00 et seq. and El Dorado Superior Court's ADR program with your client. It will increase the possibility of your client's case being resolved at an early, less expensive stage.

### DISPUTE RESOLUTION CONFERENCES
### REQUIRED PROCEDURES AND TIME LINES

The Court has initiated an Alternative Dispute Resolution (ADR) Program which applies to all civil cases which are subject to these rules; provided, however, that on the joint request of the parties or on its own motion, the Court may order that the program apply to any civil case.

Unless the parties agree to another form of ADR, they will be ordered to participate in a Dispute Resolution Conference (DRC). The DRC will be conducted by a volunteer attorney temporary judge(s). The DRC will be

Page 1 of 2

conducted as a Mandatory Settlement Conference pursuant to California Rules of Court, rule 3.1380, and the parties and counsel are directed to comply with the terms thereof.

Within 7 to 10 days after the Case Management Conference, the court will notify the parties of the DRC temporary judge(s) assigned to the case. It is the responsibility of the plaintiff to contact the temporary judge(s) and arrange for a time and place for the DRC convenient to them and all parties.

At least 10 court days prior to the DRC, each party is to submit to the temporary judge(s) and the other parties a Dispute Resolution Conference Statement which meets the requirements of California Rules of Court, rule 3.1380, and any special requirements set forth below.

Prior to the DRC, the parties are to exchange documents and records pertinent to settlement and shall provide copies of these to the DRC temporary judge.

With leave of court and in lieu of participation in a DRC, the parties may stipulate to private arbitration (binding or non-binding), judicial arbitration, or mediation. The parties may select the neutral from the Court's panel or a private neutral of their choice. The parties will be responsible for any fees associated with arbitration, judicial arbitration or mediation. The Court's panel of neutrals may be obtained from the court's website.

MANDATORY SETTLEMENT AND READINESS CONFERENCE
REQUIRED PROCEDURES AND TIME LINES

A MANDATORY SETTLEMENT AND READINESS CONFERENCE (MSRC) will be held approximately three to four weeks prior to trial. See CRC Rule 3.1380 and Local Rule 7.12.10.

The MSRC will be conducted as a MANDATORY SETTLEMENT CONFERENCE pursuant to CRC Rule 3.1380, which provides:

1. That trial counsel, parties and persons with full authority to settle the case shall personally attend the conference, unless excused by the court for good cause shown; and

2. That no later than five court days before the conference, each party shall submit to the court and serve on each party, a Mandatory Settlement Conference Statement containing a good faith settlement demand and an itemization of economic and non-economic damages by each plaintiff and a good faith offer of settlement by each defendant. The Mandatory Settlement Conference Statement shall set forth and discuss in detail all facts and law pertinent to the issues of liability and damages involved in the case as to that party.

The MSRC will also be conducted as a TRIAL READINESS CONFERENCE at which all matters that need to be resolved prior to trial, including matters set in Rule 7.12.09, paragraphs D and E, shall be before the court. In their MSCR Statements Counsel are to address the following:

1. Witnesses. A list identifying all lay and expert witnesses the party intends to call at trial;
2. Exhibits. A list identifying all exhibits the party intends to offer at trial.
3. Jury Instructions. A jury instructions checklist indicating the BAJI numbers of requested instructions;
4. Photographs and Reports. Each party shall attach to the MSRC Statement copies of relevant documents which may assist the Court in settlement including photographs, diagrams, reports, bills, and contracts.

No later than three days prior to the MSRC, the parties are to file and serve Motions in Limine.

Page 2 of 2

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

FOR COURT USE ONLY

TELEPHONE NO.:                     FAX NO.*(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**CASE MANAGEMENT STATEMENT**

*(Check one):* ☐ UNLIMITED CASE    ☐ LIMITED CASE
(Amount demanded       (Amount demanded is $25,000
exceeds $25,000)        or less)

CASE NUMBER:

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:              Time:            Dept.:         Div.:          Room:
Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
Martin Dean's
ESSENTIAL FORMS™
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720-3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial.   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐ days *(specify number):*
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:           f.   Fax number:
e.   E-mail address:              g.   Party represented:
☐ Additional representation is described in Attachment 8.

9.   **Preference**
☐ This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel   ☐ has   ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party   ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   Referral to judicial arbitration or civil action mediation (if available).
(1)   ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under of Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Martin Dean's
ESSENTIAL FORMS™

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10.  c.    Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

11. **Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status:

13. **Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

Martin Dean's
ESSENTIAL FORMS™

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Martin Dean's ESSENTIAL FORMS™

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF EL DORADO
3321 Cameron Park Drive
Cameron Park, California 95682
(530)621-5867                          Fax (530)672-2413

EL DORADO CO. SUPERIOR CT.

CASE NO. PCL 20140475

                    Plaintiff,
KIMBERLY MACHADO                        FILED  AUG 18 2014
vs.
                    Defendant.         BY  S. Howe
MIDLAND CREDIT MANAGEMENT INC              Deputy

NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE
(Local Rule 7.12.05 and .09)

NOTICE IS HEREBY GIVEN that a CASE MANAGEMENT CONFERENCE in the above
entitled case is set for  1:30 on 12/22/14, in Dept. 10.
3321 Cameron Park Drive, Cameron Park, California.

A Case Management Statement must be filed and served not less than
15 court days before the Conference.

If a party is demanding a jury trial, pursuant to Civil Code of
Procedure section 631(b), a non-refundable jury fee of $150.00 must
be deposited with the court on or before the initial Case Management
Conference date in this action. Failure to timely deposit the funds
will result in a waiver of a jury trial.

At the CASE MANAGEMENT CONFERENCE you will be assigned a Dispute Reso-
lution Conference Date, a Mandatory Settlement Conference Date, and a
Trial Date. In lieu of a Dispute Resolution Conference, the parties
may elect mediation, binding arbitration, or judicial arbitration.

In addition, the court will make pre-trial orders.

The Court will require full compliance of El Dorado County Local
Rules, in particular, the rules governing Trial Court Case Management
(rule 7.12.00, et seq.). For additional information regarding the
Trial Court Case Management Program visit our website at:
www.eldoradocourt.org

You must be prepared to discuss all matters and dates which are the
subjects of the Case Management Conference. Telephonic court appear-
ances are provided through CourtCall to the Court. To make arrange-
ments to appear by telephone, please call the Program Administrator
with CourtCall, at (888) 882-6878 at least five (5) court days prior
to the conference.

CMC1                                            Rev 05/20/13

CLERK'S CERTIFICATE OF SERVICE

I declare under penalty of perjury that I am over the age of 18 and
not a party to the above action; that a copy of NOTICE OF CASE
ASSIGNMENT AND CASE MANAGEMENT CONFERENCE was placed for mailing
through either the United States Post Office or Inter-Departmental
mail on the parties at the address shown herein.
Executed on 08/20/14, in Cameron Park, California.

Delivered to:

TODD M. FRIEDMAN
324 S. BEVERLY DRIVE
#725
BEVERLY HILLS CA 90212


Tania Ugrin-Capobianco, Court Executive Officer

By: _____

S. Howe

Deputy Clerk

FILED

15 FEB 20  AM 8:37

EL DORADO COUNTY
SUPERIOR COURT
R. NICOLAU

BY:_____ DEPUTY

1  THOMAS F. LANDERS [SBN 207335]
   tlanders@swsslaw.com
2  PETER J. CALTAGIRONE [SBN 297559]
   pcaltagirone@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California 92101
   (t) 619.231.0303
5  (f) 619.231.4755

6  Attorneys for Defendant MIDLAND CREDIT
   MANAGEMENT, INC.

7

8                  SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF EL DORADO

10                     LIMITED JURISDICTION

11 KIMBERLY MACHADO,                    Case No. PCL20140475

12         Plaintiff,                   ANSWER TO PLAINTIFF'S
                                        COMPLAINT
13    v.
                                        Action Filed:      August 18, 2014
14 MIDLAND CREDIT MANAGEMENT, INC.,

15         Defendant.

16

17        Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") answers the

18 Complaint of Plaintiff KIMBERLY MACHADO ("Plaintiff") as follows:

19                        GENERAL DENIAL

20        Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

21 generally and specifically denies each and every allegation set forth in the Complaint, and the

22 whole thereof, and generally and specifically denies that Plaintiff has been injured or has suffered

23 any damages in any sum whatsoever.

24                      AFFIRMATIVE DEFENSES

25        As and for separate affirmative defenses to the Complaint, and without assuming or

26 shifting any burden of proof required of Plaintiff to establish her claims, Defendant alleges on

27 information and belief as follows:

28 ///

P:00936253:87025.118                    -1-                        PCL20140475
                        ANSWER TO PLAINTIFF'S COMPLAINT

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.    The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

2.    The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

3.    To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

4.    Defendant alleges on information and belief that the allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

5.    Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

6.    Defendant alleges on information and belief that Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

1                               **SEVENTH AFFIRMATIVE DEFENSE**

2                                       **(Waiver)**

3         7.    Defendant alleges on information and belief that Plaintiff has waived her rights, if

4   any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions

5   with respect to the financial obligation at issue.

6                                 **EIGHTH AFFIRMATIVE DEFENSE**

7                                   **(Good Faith)**

8         8.    Defendant has, at all material times with respect to Plaintiff, acted in good faith in

9   an effort to comply fully with all relevant federal and state laws.

10                                **NINTH AFFIRMATIVE DEFENSE**

11                              **(Apportionment)**

12        9.    Without admitting that any damages exist, if damages were suffered by Plaintiff as

13  alleged in the Complaint, those damages were proximately caused by and contributed by persons

14  other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties,

15  named or unnamed, should be apportioned according to their relative degrees of fault, and the

16  liability of this Defendant should be reduced accordingly.

17                              **TENTH AFFIRMATIVE DEFENSE**

18                           **(Supervening Cause)**

19       10.    The causes of action in the Complaint are barred, in whole or in part, to the extent

20  that any injury or loss sustained was caused by intervening or supervening events over which

21  Defendant had or has no control.

22                          **ELEVENTH AFFIRMATIVE DEFENSE**

23                          **(Equitable Indemnity)**

24       11.    To the extent that Plaintiff has suffered any damage as a result of any alleged act or

25  omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity

26  according to comparative fault from other persons and/or entities causing or contributing to such

27  damages, if any.

28  /// /

1
**TWELFTH AFFIRMATIVE DEFENSE**

2
**(First Amendment)**

3
12.    Defendant's conduct is protected under the First Amendment of the United States

4
Constitution and the California Constitution.

5
**THIRTEENTH AFFIRMATIVE DEFENSE**

6
**(Privilege)**

7
13.    Defendant alleges that any of its actions and/or communications, if any, whether

8
written or oral, were privileged pursuant to California Civil Code § 47, § 1785.32, 15 U.S.C.

9
§ 1692k(d), the common law; and that the use of the process that Plaintiff claims were abused was

10
a publication made in the course of judicial or similar proceedings and were absolutely privileged

11
under California Civil Code § 47(b).

12
**FOURTEENTH AFFIRMATIVE DEFENSE**

13
**(Conduct of Others)**

14
14.    Plaintiff's damages, if any, were caused by the actions or inactions of others over

15
whom this answering Defendant had no control.

16
**FIFTEENTH AFFIRMATIVE DEFENSE**

17
**(Set-Off)**

18
15.    Defendant is entitled to a set-off and credit against Plaintiffs' claims.

19
**SIXTEENTH AFFIRMATIVE DEFENSE**

20
**(Right to Amend)**

21
16.    Defendants reserve the right to amend this Answer to allege additional affirmative

22
defenses.

23
///

24
///

25
///

26
///

27
///

28
///

## PRAYER

WHEREFORE, Defendant MIDLAND CREDIT MANAGEMENT, INC. requests judgment as follows:

1.     That Plaintiff takes nothing by way of her Complaint, which should be dismissed with prejudice;

2.     That Defendant recover from Plaintiff its costs according to proof;

3.     That Defendant recover its attorneys' fees according to proof; and

4.     That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: February 19, 2015                    SOLOMON WARD SEIDENWURM & SMITH, LLP


                                            By: _____
                                                THOMAS F. LANDERS
                                                PETER J. CALTAGIRONE
                                                Attorneys for MIDLAND CREDIT
                                                MANAGEMENT, INC.

P:00036253:87025.118                        -5-                        PCL20140475
ANSWER TO PLAINTIFF'S COMPLAINT

FILED

15 FEB 20   AM 8: 37

EL DORADO COUNTY
SUPERIOR COURT

R. NICOLAU

BY_____ DEPUTY

1 | THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
2 | PETER J. CALTAGIRONE [SBN 297559]
pcaltagirone@swsslaw.com
3 | SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
4 | San Diego, California 92101
(t) 619.231.0303
5 | (f) 619.231.4755
6 | Attorneys for Defendant MIDLAND CREDIT
MANAGEMENT, INC.
7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF EL DORADO

10 | LIMITED JURISDICTION

11 | KIMBERLY MACHADO,                        Case No. PCL20140475

12 |                  Plaintiff,               DECLARATION OF SERVICE

13 |           v.

14 | MIDLAND CREDIT MANAGEMENT, INC.,

15 |                  Defendant.

16

17 | STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

18 |        At the time of service, I was over 18 years of age and not a party to this action.  I am

19 | employed in the County of San Diego, State of California.  My business address is 401 B Street,

20 | Suite 1200, San Diego, CA 92101.

21 |        On February 19, 2015, I served true copies of the following document(s) described as:

22 |        1.   Answer to Plaintiff's Complaint

23 | on the interested parties in this action as follows:

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

P:00936262:87025.118                       -1-                          PCL20140475
DECLARATION OF SERVICE

1   Todd M. Friedman, Esq.                          *Attorneys for Plaintiff*
    Suren N. Weerasuriya, Esq.                         *Kimberly Machado*
2   Law Offices of Todd M. Friedman, P.C.
    324 S. Beverly Dr., #725
3   Beverly Hills, CA 90212
    Telephone:  877-206-4741
4   Facsimile:  866-633-0228
    Email: tfriedman@attorneysforconsumers.com
5          sweerasuriya@attorneysforconsumers.com

6

7          **BY MAIL:** I enclosed the document(s) in sealed envelope(s) or package(s) addressed to

8   the person(s) at the address(es) listed in the Service List and placed the envelope(s) for collection

9   and mailing, following our ordinary business practices. I am readily familiar with Solomon Ward

10  Seidenwurm & Smith, LLP's practice for collecting and processing correspondence for mailing.

11  On the same day that correspondence is placed for collection and mailing, it is deposited in the

12  ordinary course of business with the United States Postal Service, in a sealed envelope with

13  postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The

14  envelope was placed in the mail at San Diego, California.

15         I declare under penalty of perjury under the laws of the United States of America and the

16  State of California that the foregoing is true and correct.

17         Executed on February 19, 2015, at San Diego, California.

18

19                                          _____

20                                          SHELBY K. CARDOZA

21

22

23

24

25

26

27

28

P:00936262:87025.118                        -2-                           PCL20140475

                              DECLARATION OF SERVICE

1   THOMAS F. LANDERS [SBN 207335]
    tlanders@swsslaw.com
2   PETER J. CALTAGIRONE [SBN 297559]
    pcaltagirone@swsslaw.com
3   SOLOMON WARD SEIDENWURM & SMITH, LLP
    401 B Street, Suite 1200
4   San Diego, California 92101
    (t) 619.231.0303
5   (f) 619.231.4755

6   Attorneys for Defendant MIDLAND CREDIT
    MANAGEMENT, INC.
7

8                 **UNITED STATES DISTRICT COURT**

9                 **EASTERN DISTRICT OF CALIFORNIA**

10

11  KIMBERLY MACHADO,                    Case No.

12              Plaintiff,               **CERTIFICATE OF SERVICE**

13       v.

14  MIDLAND CREDIT
    MANAGEMENT, INC.,
15
                Defendant.
16

17  **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

18       At the time of service, I was over 18 years of age and not a party to this

19  action.  I am employed in the County of San Diego, State of California.  My

20  business address is 401 B Street, Suite 1200, San Diego, CA 92101.

21       On February 20, 2015, I served true copies of the following document(s)

22  described as:

23       **1.  Notice of Removal of Action Under 28 U.S.C. § 1441(a)**

24  on the interested parties in this action as follows:

25  / / /

26  / / /

27  / / /

28  / / /

P:00936311:87025.118                  -1-

1  Todd M. Friedman, Esq.                    *Attorneys for Plaintiff*
   Suren N. Weerasuriya, Esq.                *Kimberly Machado*
2  Law Offices of Todd M. Friedman, P.C.
   324 S. Beverly Dr., #725
3  Beverly Hills, CA 90212
   Telephone:  877-206-4741
4  Facsimile:   866-633-0228
   Email: tfriedman@attorneysforconsumers.com
5         sweerasuriya@attorneysforconsumers.com

6

7

8

9       **BY MAIL:**  I enclosed the document(s) in sealed envelope(s) or package(s)

10  addressed to the person(s) at the address(es) listed in above and placed the

11  envelope(s) for collection and mailing, following our ordinary business practices.  I

12  am readily familiar with Solomon Ward Seidenwurm & Smith, LLP's practice for

13  collecting and processing correspondence for mailing.  On the same day that

14  correspondence is placed for collection and mailing, it is deposited in the ordinary

15  course of business with the United States Postal Service, in a sealed envelope with

16  postage fully prepaid.  I am a resident or employed in the county where the mailing

17  occurred.  The envelope was placed in the mail at San Diego, California.

18       I declare under penalty of perjury under the laws of the United States of

19  America and the State of California that the foregoing is true and correct.

20       Executed on February 20, 2015, at San Diego, California.

21

22                                          _____

23                                          SHELBY CARDOZA

24

25

26

27

28